W:\CLIENT FILES\M & C\MCQUAID PARAGON\PLEADINGS\COMPLAINT 092607.DOC8/30/07



1  BARTLETT, LEADER-PICONE & YOUNG, LLP
   MALCOLM LEADER-PICONE (STATE BAR # 104620)
2  ROBERT S. BARTLETT (STATE BAR NO. 79752)
   KAIPO K.B. YOUNG (STATE BAR #164718)
3  2201 BROADWAY, SUITE 803
   OAKLAND, CA 94612
4  TELEPHONE:    (510) 444-2404
   FACSIMILE:    (510) 444-1291
5  EMAIL: MLP@LEADER-PICONE.COM
   EMAIL: ROBERTB@BL-PLAW.COM
6  EMAIL: KYOUNG@BL-PLAW.COM
7  Attorneys for Plaintiff

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO OFFICE

12  MCQUAID, BEDFORD & VAN ZANDT,    )  No.          07    5179
    LLP,                            )
13                                  )
              Plaintiff,            )  COMPLAINT FOR OPEN-BOOK
14                                  )  ACCOUNT, ACCOUNT STATED,
    vs.                             )  SERVICES AND MATERIAL
15                                  )  SUPPLIES AND BREACH OF
    PARAGON FOUNDATION, INC.,       )  CONTRACT
16                                  )
              Defendant.            )  *Trial Date:  Not Assigned*
17                                  )
    _____)

18            Plaintiff respectfully alleges as follows:

19                              **PARTIES**

20
         1.      MCQUAID, BEDFORD & VAN ZANDT, LLP (hereinafter referred to as
21
    "McQuaid") is a limited liability partnership under the laws of California.  Plaintiff has an office in
22
    San Francisco, California.  All services provided by Plaintiff to the Defendant revolved around a
23
    Complaint filed in the United States Court of Federal Claims entitled *Sacramento Grazing*
24
    *Association, Inc. v. The United States,* Case No. 04-786C or the appeal of a U.S. Forest Service
25
    reduction in cattle grazing allotment rights of the Sacramento Grazing Association, Inc.
26

27

28

**Complaint for Open-Book Account**

-1-

2.    Defendant is PARAGON FOUNDATION, INC., a New Mexico corporation (hereinafter referred to as "Paragon"), which has its principal place of business in Alamogordo, New Mexico.

## JURISDICTION AND VENUE

3.    The District Court has jurisdiction over this civil action pursuant to 28 USC 1332(a) based on diversity and amount. The amount of the lawsuit is $120,369.30 plus accrued interest and costs. The locations of the parties' businesses are in San Francisco, California, and Alamogordo, New Mexico.

4.    The venue in this District is based upon 28 USC § 1391(a) because all work performed by the Plaintiff on behalf of the Defendant arose as a result of work performed by plaintiff in the City and County of San Francisco, state of California. Defendant, who promised to answer for the debt of another, specifically chose a San Francisco-based law firm for work on a Court of Federal Claims matter, knowing that all such work would be performed in the City and County of San Francisco, California.

## GENERAL ALLEGATIONS

5.    Plaintiff provided labor and services (legal services) to the Sacramento Grazing Association, Inc. (hereinafter referred to as "Sacramento") in the amount of $120,369.30. This sum included fees for legal work performed by the Plaintiff as well as costs incurred by the Plaintiff on behalf of the Sacramento. Plaintiff sent Defendant and Sacramento invoices for fees and costs totaling the amount described above plus interest. Paragon, pursuant to a written contract, promised to answer for the debt of Sacramento.

## FIRST CLAIM FOR RELIEF
### (Book Account)

6.    Plaintiff realleges and incorporates the allegations contained in paragraphs one through five as though fully set forth herein.

7.    Within the last four years Defendant became indebted to Plaintiff on an open book account for money due in the sum of $120,369.30 plus interest. Effective September 17, 2007,

**Complaint for Open-Book Account**

the date of the last book account by Plaintiff to Defendant, the outstanding balance including accrued interest was $138,016.15.

8.    The sum of $120,369.30, which is the reasonable value, is due and unpaid despite Plaintiff's demand, plus prejudgment interest at the rate of 12% from November 14, 2005, the date the sums mentioned above became due and owing.

## SECOND CLAIM FOR RELIEF
### (Account Stated)

9.    Plaintiff realleges and incorporates the allegations contained in paragraphs one through five as though fully set forth herein.

10.    In the last four years Defendant became indebted to Plaintiff because an account was stated in writing by and between Plaintiff and Defendant in which it was agreed that Defendant was indebted to Plaintiff.

11.    The sum of $120,369.30, which is the reasonable value, is due and unpaid despite Plaintiff's demand, plus prejudgment interest at the rate of 12% from November 14, 2005, the date the sums mentioned above became due and owing.

## THIRD CLAIM FOR RELIEF
### (Work, Labor and Services Provided)

12.    Plaintiff realleges and incorporates the allegations contained in paragraphs one through five as though fully set forth herein.

13.    Within the last four years Plaintiff provided to Sacramento, work, labor and services which were rendered at the special instance and request of Sacramento and for which Defendant promised to pay Plaintiff the sum of $120,369.30 plus interest.

14.    The sum of $120,369.30, which is the reasonable value, is due and unpaid despite Plaintiff's demand, plus prejudgment interest at the rate of 12% from November 14, 2005, the date the sums mentioned above became due and owing.

Complaint for Open-Book Account

-3-

W:\CLIENT FILES\M\MCQUAID\PARAGON\PLEADINGS\COMPLAINT 092607.DOC 8/30/07

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

15.     Plaintiff realleges and incorporates the allegations contained in paragraphs one

through five as though fully set forth herein.

16.     Plaintiff states that on October 1, 2003 a written agreement was made between

the named parties.  A copy of that Agreement is attached hereto as Exhibit "A" and incorporated

herein by reference.  Such contract complies with California Civil Code Section 1624.

17.     On November 14, 2005 Defendant breached the Agreement by failing to make

payments under the Agreement.  Prior to the breach, Defendant both paid a retainer for work to be

performed and made payments on previous invoices from the Plaintiff to Sacramento and Defendant.

18.     Plaintiff has performed all of its obligations to Sacramento and Defendant under

the terms of the Agreement.  Plaintiff sent Defendant a Notice of Client's Right to Arbitration and

Defendant has not responded.  Defendant has waived their right to arbitrate this fee dispute.  Attached

hereto as Exhibit "B" and incorporated herein by reference is a copy of that Notice of Client's Right to

Arbitration.

19.     Plaintiff suffered the following damages by Defendants' breach of the

Agreement in the sum of $120,369.30 plus interest at the rate of 12% per annum from November 14,

2005 through date of Judgment.

**WHEREFORE** Plaintiff respectively requests entry of a judgment and order on all

causes of action providing as follows:

1.     For the sum of $120,369.30, the unpaid balance;

2.     For costs of suit incurred herein;

3.     For interest at the rate of 12% per annum from November 14, 2005;

4.     For such other and further relief as the Court deems necessary and proper.

DATED: September __30__, 2007.          BARTLETT, LEADER-PICONE & YOUNG, LLP


BY:_____
ROBERT S. BARTLETT
Attorneys for MCQUAID, BEDFORD &
VAN ZANDT, LLP

**Complaint for Open-Book Account**

-4-



Printed on Recycled Paper
20% Post Consumer Waste



MᶜQUAID
BEDFORD &
VAN ZANDT LLP

221 Main Street  16th Floor
San Francisco CA 94105-1936
TEL·415/905·0200
FAX·415/905·0202

September 4, 2003

VIA FACSIMILE AND MAIL

Sacramento Grazing Association
c/o Mrs. Frances Goss
P.O. Box 596
Weed, N.M. 88354

  Re: **Fee Agreement For Legal Services**

Dear Mrs. Goss:

  Thank you for your expression of trust and confidence in McQuaid Bedford & Van Zandt, LLP. This letter is written to confirm the terms under which we will render legal services to you in connection with this matter.

## I. Legal Services

  As you may know, legislation in California requires that attorney-client fee agreements be in writing if it is reasonably foreseeable that the total expenses to the client will exceed $1,000. When signed below by you and returned to this office, this letter shall constitute a legally binding agreement (the "Agreement"), governing the matters set forth herein.

  You have asked us to represent you in your ongoing controversy with the United States Forest Service concerning the taking of your cattle and ranching operation in New Mexico. Upon authorization, we will evaluate and prosecute a Takings Claim on behalf of the Sacramento Grazing Association in the U.S. Court of Federal Claims.

## II. Persons Responsible

  With our firm, I will be primarily responsible for this engagement.  I will be assisted by my partner Ladd Bedford and my associates, Elizabeth Ewens and Peter Seeger. When appropriate, I will call upon other partners or associates of the firm to assist. I am enclosing a

G:\Docs\MIKE\Goss\Goss Fee Agreement 9-04-03.wpd

Sacramento Grazing Association Fee Agreement
September 4, 2003
Page 2

copy of our firm brochure with biographies and backgrounds of my partners and associates for your information and use.

Please let me know promptly if any questions arise about the services provided to you by anyone at our firm, or about any billing that you receive from us, so that we can respond to your concerns appropriately.

### III. Rates, Fees and Charges.

Our fees are based primarily on the amount of time spent by our lawyers, law clerks, and paralegals on your behalf. Each lawyer, law clerk and paralegal in our firm has an hourly billing rate, and the rate times the number of hours spent, measured in tenths of an hour, will be the initial basis for determining our fees.

In general, our attorneys' billing rates applicable to this engagement will range from $125 per hour to $350 per hour, depending on the seniority and expertise of the attorney involved. My current rate is $320 per hour, Ladd Bedford's rate is $325 per hour, and my associates' rate is $255 per hour. It is firm policy to use lawyers or paraprofessionals having the lowest hourly rate consistent with the complexity of the task at hand. Our rates are subject to change, but you will be given at least thirty (30) days notice of any fee increases.

In addition to fees, we will bill for reimbursement of out-of-pocket costs and other charges which we advance on your account. We do not attempt to make a profit on our reimbursable charges. We do, however, recover our direct and allocable indirect costs. Volume discounts earned by our firm are passed on to our clients.

Our disbursement and other charges will include such items as photocopying ($0.25 per page); fax charges ($1 per page for outgoing documents only); computerized legal research charges; long-distance telephone charges (AT&T standard rates); courier and air freight charges; messenger charges (at third-party vendor rate); travel expenses; postage costs (for large or express mailing only); and other reasonable costs and expenses.

It is our policy to forward bills for services from third parties which exceed $100 to you to pay directly. At our option, we may pay the bills and add them to our statement for services to you. If we forward the bill to you for direct payment, then you agree to pay the third party vendor promptly.

We intend to provide statements to you on a monthly basis, with fees separated from costs and other charges. Payment of our statements is due upon receipt. Our rates are based on

G:\Docs\MIKE\Goss\Goss Fee Agreement 9-04-03.wpd

Sacramento Grazing Association Fee Agreement
September 4, 2003
Page 3

our receiving payments within 30 days. If we do not receive your payment within 30 days of the statement date, then we may add a late charge of up to 1% per month.

Our billing rates and charges are usually revised annually, but we reserve the right to revise them at other times during the course of the our representation. Our new rates and charges will be applied to your account, only after we have given you thirty (30) days notice of any such revision.

**I request that you forward to us a retainer of $10,000** as an advance toward our fees and charges. We will apply this advance toward our fees and charges as they are billed. When the matter terminates, you agree that we may assert a contractual and statutory lien on any proceeds of the lawsuit, including a claim for attorneys' fees and costs for any unpaid fees and cost due from you at the time the matter closes.

## IV. Roles of Attorney and Client

We agree to keep you informed of the progress of our activities for you, and send you copies of all pertinent documents unless you otherwise instruct us not to do so. Our files, including billing records, are open to your inspection at reasonable times upon reasonable notice.

Every effort will be made to provide our services promptly and efficiently according to the highest legal and ethical standards. We cannot and do not guarantee the final outcome of litigation or the amount of fees and costs that will be necessary to resolve any matter. Any estimate of fees and costs which we make represents only our best estimate and is not to be understood or construed by you as a representation or promise on our part of the maximum amount you may be required to pay for fees and costs.

You may discharge us at any time. We may withdraw at any time with your consent or for good cause. Good cause includes breach of this Agreement, refusal to cooperate with us or to follow our advice on any material matter, including any fact or circumstance that would render our continuing representation unlawful or unethical.

Sacramento Grazing Association Fee Agreement
September 4, 2003
Page 4


      This Agreement shall not take effect and we will have no obligation to render legal services until this Agreement is signed by the authorized representative of the Association and the requested retainer are returned to us by you.  Please call if you have any questions about this Agreement.  You should retain a copy of this Agreement in your files and return the duplicate original to me.


      Best regards,

Michael J. Van Zandt


Enclosure (Firm Brochure)


Agreed and accepted this ___/___ day of _Oct_ 2003

~~Sacramento Grazing Association~~

Paragon Foundation Inc.

By: _____

Ex. Director


By: _____


cc: Lyman D. Bedford, Esq.


G:\Docs\MIKE\Goss\Goss Fee Agreement 9-04-03.wpd

# Notice of Client's Right To Arbitration

Attn:  G.B. Oliver, III, Exec. Vice Pres.
PARAGON FOUNDATION
Client's Name
1200 North White Sands Blvd., Suite 110
Client's Address
Alamogordo, NM 88310

McQUAID BEDFORD & VAN ZANDT LLP
Attorney's Name
221 Main Street, Sixteenth Floor
Attorney's Address
San Francisco, CA 94105

You have an outstanding balance for fees and/or costs for professional services in the amount of  $ __135,558.81__

charged to you in the matter of __Takings claim against U.S. Forest Service__

☐ I have filed a lawsuit against you in the:

| Court | Case No. |
|---|---|
| Address | |

☐ I have filed an arbitration proceeding against you with the:

| Agency | Case No. |
|---|---|
| Address | |

☒ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1.   YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN 30 DAYS FROM RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2.   YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3.   YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

☒ There is a local program which may have jurisdiction to hear this matter. The address of the arbitration program you should
contact is:

San Francisco Bar Assn. Attorney Client Fee Dispute Program
Name of Program
465 California Street, Suite 1100
Address
San Francisco, CA 94104
City                                                          State       Zip Code
415/982-1600
Telephone No

☐ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to allow non-binding arbitration of your dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020.

8-2-07
Date

Attorney

(State Bar Approved Form Rev. April 1, 2007)