1  George M. Wallace -- Cal. Bar No. 101472
   WALLACE & SCHWARTZ
2  215 North Marengo Avenue
   Third Floor
3  Pasadena, California 91101-1504
   gwallace@wallace-schwartz.com
4  (626) 844-6777; Fax (626) 795-0353

5  Attorney for Defendant
   PARAGON FOUNDATION, INC.

6

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  McQUAID, BEDFORD & VAN          )  Case No.: C 07-5179 BZ
    ZANDT, LLP,                     )
12                                  )
              Plaintiff,            )  DEFENDANT'S NOTICE OF
13                                  )  MOTION AND MOTION TO
         vs.                        )  DISMISS COMPLAINT [Fed.R.Civ.P.
14                                  )  12(b)(6)-(7)] OR FOR MORE
    PARAGON FOUNDATION, INC.,       )  DEFINITE STATEMENT
15                                  )  [Fed.R.Civ.P. 12 (e)];
              Defendant.            )  MEMORANDUM OF POINTS AND
16  _____)  AUTHORITIES IN SUPPORT

17                                     Date:        February 20, 2008
                                       Time:        10:00 a.m.
18                                     Courtroom:   G, 15th Floor

19       TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

20       PLEASE TAKE NOTICE  that on the 20th day of February, 2008, at 10:00

21  a.m. or as soon thereafter as the matter may be heard, before the Honorable

22  Bernard Zimmerman, U.S. Magistrate Judge, in Courtroom "G" of the above-

23  entitled Court, located at 450 Golden Gate Avenue, San Francisco, California,

24  defendant PARAGON FOUNDATION, INC., will and hereby does move the

25  Court for the following orders:

1.   For an order dismissing the Complaint in this action pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that the Complaint fails to state a claim on which relief can be granted;

2.   Alternatively, for an order dismissing the Complaint in this action for failure to join a necessary party under Fed.R.Civ.P. 19, and in particular for failure to join Sacramento Grazing Association, Inc.; and

3.   Alternatively, that plaintiff be required pursuant to Fed.R.Civ.P. 12 (e) to make a more definite statement concerning the existence, terms, form and parties to the contract or contracts on which the plaintiff seeks to recover from this defendant.

The motion is made based upon this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, matters of which the Court may take judicial notice, and such other oral and documentary matter as may properly be before the Court at the time of hearing.

DATED: December 28, 2007          WALLACE & SCHWARTZ


 _/s/ George M. Wallace_____
by GEORGE M. WALLACE
Attorneys for Defendant PARAGON
FOUNDATION, INC.

1

# TABLE OF CONTENTS

2

3

**MEMORANDUM OF POINTS AND AUTHORITIES** .....................................3

4

***Introduction and Summary of the Pleading*** .......................................3

5

***Legal Argument*** ....................................................................5

6

**I.    *Sacramento Grazing Association is a Necessary Party to This***

7

        ***Action and Either Must Be Joined or the Action Dismissed*** ....................5

8

**II.    *The Written Agreement Attached to the Complaint Does Not***

9

        ***Purport to Bind Paragon to Any Obligation to Pay for***

10

        ***Services Rendered by Plaintiff*** ...............................................8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# TABLE OF AUTHORITIES

## Cases

*Cruz v. United States*, 219 F.Supp.2d 1027............................................................9

## Statutes

Cal. Civil Code §1624 ............................................................................................7

Cal. Civil Code §2845 ............................................................................................7

## Rules

Fed.R.Civ.P. 19......................................................................................................6

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3       Defendant PARAGON FOUNDATION, INC., submits the following

4   points and authorities in support of its motion for dismiss the Complaint in this

5   action or, alternatively, to require plaintiff to provide a more definite statement of

6   plaintiff's claims:

7

8       ### *Introduction and Summary of the Pleading*

9       This is an action in which the plaintiff is a law firm, seeking to compel

10  defendant to pay for legal services rendered by that firm to a third party.  The

11  principal allegations of the Complaint are as follows:

12      Plaintiff is the law firm of McQUAID, BEDFORD & VAN ZANDT, LLP,

13  [referred to in these points and authorities as "MBVZ"], located in San Francisco,

14  California.  Complaint, ¶1.[1]  MBVZ alleges that it provided services in an action

15  before the Unites States Court of Federal Claims, entitled *Sacramento Grazing*

16  *Association, Inc. v. United States*, Case No. 04-786C, relating to grazing rights of

17  the plaintiff in that action, Sacramento Grazing Association, Inc. [referred to in

18  these points and authorities as "Sacramento"].  Defendant PARAGON

19  FOUNDATION, INC., [referred to in these points and authorities as "Paragon"]

20  is a corporation organized and existing under the laws of the State of New

21  Mexico.  ¶2.  Paragon was not a party to the action in which MBVZ represented

22  Sacramento, and Sacramento has not been named as a party to this action.

23

24  _____

25  [1]      All paragraph references are to the paragraphs of the Complaint, filed
    October 9, 2007.

1    In this action, MBVZ seeks recover the sum of $120,369.30, plus interest,
2  for "fees for legal work performed by the Plaintiff as well as costs incurred by the
3  Plaintiff on behalf of Sacrament."  ¶5.  It is alleged that "Paragon, pursuant to a
4  written contract, promised to answer for the debt of Sacramento."  *Id.*

5    A written contract or letter agreement dated September 4, 2003, is attached
6  to the Complaint as Exhibit "A," and is presumably the contract referred to in the
7  Complaint.  The document is addressed to Sacramento at an address in Weed,
8  New Mexico.  Throughout the document, reference is made to Sacramento as
9  MBVZ's client, and to the obligations to be borne by the client.  Paragon is not
10 referred to by name anywhere in the body of the document.  The final paragraph
11 of the document provides in relevant part:

12    This Agreement shall not take effect and we will have no
13    obligation to render legal services until this Agreement is signed by
14    the authorized representative of the [Sacramento Grazing]
15    Association and the requested retainer are returned to us by you.
16 Further down the same page, the agreement is dated October 1, 2003, and is
17 signed by G.B. Oliver III, the Executive Director of Paragon.

18    Plaintiff's first claim for relief is on an open book account.  In that count,
19 plaintiff reincorporates the preceding allegations concerning the formation of a
20 written contract, then alleges that Paragon has become indebted to MBVZ in the
21 amount of $120,369.30.  ¶¶7-8.

22    Plaintiff's second claim for relief is nearly identical, again incorporating
23 the allegations concerning formation of a written contract and asserting that there
24 is an account stated in writing "in which it was agreed that Defendant was
25 indebted to plaintiff," again in the amount of $120,369.30.  ¶¶10-11.

1   The third claim for relief again reincorporates the preliminary allegations,

2   then adds an assertion that MBVZ "provided to Sacramento, work, labor and

3   services" for which Paragon promised to pay the stated sum.  ¶13.

4        Finally, the fourth claim for relief alleges a claim for breach of contract.

5   MBVZ alleges that the document attached as Exhibit "A" is a written agreement

6   between it and Paragon.  ¶16.  It further alleges that Paragon has breached that

7   agreement by failing to make payment to MBVZ.  ¶17.  Plaintiff contends that it

8   has fully performed its obligations under the agreement, and that it tendered to

9   Paragon a Notice of Client's Right to Arbitrate under California law (a copy of

10  which is attached as Exhibit "B"), and that Paragon did not respond.  ¶18.  MBVZ

11  again claims damages in the amount of $120,369.30.

12       Paragon now moves to dismiss the Complaint under Fed.R.Civ.P. on the

13  grounds that the allegations in that pleading do not state an actionable claim and

14  that a necessary party, Sacramento, has not been joined in this action.  In the

15  alternative, Paragon seeks a more definite statement concerning the terms of the

16  agreement(s) on which MBVZ purports to sue, the parties to that agreement, and

17  the manner in which the agreement was entered into.

18

19  ***Legal Argument***

20  ***I.    Sacramento Grazing Association is a Necessary Party to***

21  ***This Action and Either Must Be Joined or the Action***

22  ***Dismissed***

23       All four of the plaintiff's claims incorporate the allegations of ¶5 that

24  MBVZ possesses rights against Paragon pursuant to a written contract.  The only

25  written contract specifically identified in the Complaint is the letter agreement

1   attached to the pleading as Exhibit "A".  Although that agreement is signed by the

2   Executive Director of Paragon, the agreement does not purport by its terms to be

3   an agreement between MBVZ and Paragon.  Rather, it is plain on the face of the

4   document that it is an agreement *between MBVZ and Sacramento* under which an

5   attorney-client relationship is to be formed between those parties and pursuant to

6   which MBVZ will render services *to Sacramento* and will look *to Sacramento* for

7   payment.  There is no reference anywhere in the document to there being any

8   agreement by Paragon, or by any person or entity other than Sacramento, to pay

9   for Sacramento's representation by MBVZ.  Thus, whatever obligations Paragon

10  may be claimed to owe under this or some other agreement, it is plain that

11  Sacramento was the principal beneficiary of MBVZ's agreement to render legal

12  services, and that Sacramento has a direct and unavoidable interest in the claims

13  presented in the Complaint.

14       In considering whether an unnamed party is "necessary" and to be joined if

15  feasible under Fed.R.Civ.P. 19(a), the Court must determine whether

16       "(1) in the person's absence complete relief cannot be accorded

17       among those already parties, or (2) the person claims an interest

18       relating to the subject of the action and is so situated that the

19       disposition of the action in the person's absence may (i) as a

20       practical matter impair or impede the person's ability to protect that

21       interest, or (ii) leave any of the persons already parties subject to a

22       substantial risk or incurring double, multiple, or otherwise

23       inconsistent obligations by reason of the claimed interest.

24       Here, the absent party -- Sacramento -- is explicitly a party to the contract

25  that is the apparent basis for MBVZ's suit.  As a party to that agreement,

Sacramento has a direct interest in the manner in which that agreement is interpreted or enforced.  Moreover, Sacramento occupies a special relationship to MBVZ in the performance of that contract -- the relationship of attorney and client -- and the rights and obligations of that parties to that relationship will necessarily be determined in this action.

MBVZ alleges, and the principal thrust of its claims against Paragon is, that Paragon in some manner and by some agreement agreed to "answer for the debt of another," specifically the debt of Sacramento for the legal services MBVZ claims to have provided.  Taking that allegation as true for purposes of this motion, this means that Sacramento and Paragon occupy the relation to one another of principal and surety: Sacramento's is the primary obligation, which Paragon has agreed to fulfill if Sacramento does not.[2]  California law entitles a surety, such as Paragon, to require that the creditor first seek satisfaction from the principal, i.e., from Sacramento.[3]

Taken together, these circumstances establish the plain interest of Sacramento in this action, and the necessity that it should participate as a party

---

[2]    The Complaint does not state whether MBVZ contends that the agreement by which Paragon assumed responsibility for the debt of Sacramento obligated Paragon directly or only in the event of a default by the principal.  If the latter, there is no allegation that Sacramento has failed to perform as it is obliged to under Exhibit "A".  If the former, there is no written agreement attached or described under which Paragon purports to accept that obligation.  As a general rule, contracts to answer for the debt of another are required to be in writing under California's Statute of Frauds.  See Cal. Civil Code §1624(a)(2).

[3]    See Cal. Civil Code §2845:

    A surety may require the creditor . . . to proceed against the principal, or to pursue any other remedy in the creditor's power which the surety cannot pursue, and which would lighten the surety's

1  responding to MBVZ's claims.  MBVZ should, accordingly, be obliged to join

2  Sacramento as a defendant in this action or else, if such a joinder is not possible,

3  this case should be dismissed for lack of a necessary party.

4

5      **II.    *The Written Agreement Attached to the Complaint Does Not***

6          ***Purport to Bind Paragon to Any Obligation to Pay for***

7          ***Services Rendered by Plaintiff***

8      Although the Complaint is framed in four ostensibly separate counts, it is

9  plain that only one claim is actually being asserted in this case: MBVZ contends

10  that there was a written contract entered into between Paragon and the law firm

11  under which Paragon is obliged to pay the fees and costs incurred in MBVZ's

12  representation of Sacramento.  However, the particularized facts that are stated in

13  the Complaint -- and particularly the contents of the letter agreement of

14  September 4, 2003, Exhibit "A" to the Complaint -- directly contradict that

15  contention.

16      Exhibit "A" to the Complaint is the only written agreement that is

17  specifically identified in the pleading.  It must, therefore, be assumed that this is

18  the agreement that MBVZ relies upon in seeking to impose liability on Paragon.

19  The language actually used in the agreement, however, does nothing of the sort.

20  Paragon is not mentioned by name anywhere in the body of that agreement.

21  Throughout the document, it is plain from the context that "you" refers to

22  Sacramento, and only to Sacramento.  See, e.g. the second paragraph of Section I.

23  of the agreement: "*You* have asked us to represent *you* in *your* ongoing

24  _____

25        burden; and if the creditor neglects to do so, the surety is exonerated
      to the extent to which the surety is thereby prejudiced.

1    controversy with the United States Forest Service concerning the taking of *your*

2    cattle and ranching operation in New Mexico." In Section III. of the agreement,

3    containing the promise to pay, the references to "you" clearly refer to Sacramento

4    as well. There is nothing to indicate that the term has changed its meaning so as

5    to incorporate Paragon as an obligee.

6        The one appearance of Paragon's name in the entire document is over the

7    signature of Paragon's Executive Director, Mr. Oliver, on page 4. MBVZ

8    presumably contends that the insertion of Paragon's name at that point,

9    accompanied by the striking out of Sacramento's name, must indicate that

10   Paragon bound itself to pay. The contract as a whole, however, does not support

11   that conclusion. The final paragraph of the agreement specifies that the contract

12   becomes binding upon its execution by "the authorized representative" of

13   Sacramento. Paragon, in executing the agreement, served as that

14   "representative." That is, Paragon executed the agreement as the agent (an

15   "authorized representative") of a disclosed principal, Sacramento. It follows that

16   only the principal, and not the agent, was bound by that signature.

17       [I]t is a matter of basic California contract law that where his

18       principal is disclosed an agent cannot be held liable for breach of a

19       contract to which he is not a party. See *Filippo Industries Inc. v. Sun*

20       *Ins. Co. of New York*, 74 Cal.App.4th 1429, 1443, 88 Cal.Rptr.2d 881

21       (1999).

22   *Cruz v. United States*, 219 F.Supp.2d 1027, 1038 (N.D.Cal. 2002).

23       As presently alleged, the specific facts set forth in the Complaint and its

24   primary Exhibit directly contradict the existence any personal liability on the part

25   of Paragon. In the absence of additional facts clarifying the basis on which

1  plaintiff contends Paragon took on any additional liability for Sacramento's debt,

2  this action can and should be dismissed.  Alternatively, the Complaint should be

3  amended so as to provide greater certainty concerning the particular relationships,

4  contractual or otherwise, that MBVZ maintains entitle it to pursue its claims

5  against Paragon.

6

7  DATED: December 28, 2007          Respectfully submitted,

8                                   WALLACE & SCHWARTZ

9                                    /s/ George M. Wallace
10                                   by GEORGE M. WALLACE
                                     Attorneys for Defendant PARAGON
11                                   FOUNDATION, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PROOF OF SERVICE BY MAIL**

I, the undersigned, am a resident of the county of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  I am employed by Wallace & Schwartz, at 215 North Marengo Avenue, Third Floor, Pasadena, California  91101-1504.

On the  _28th_  day of December, 2007, I served the foregoing  DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT [Fed.R.Civ.P. 12(b)(6)-(7)] OR FOR MORE DEFINITE STATEMENT [Fed.R.Civ.P. 12 (e)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT and a copy of this Proof of Service on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

    Robert S. Bartlett, Esq.
    BARTLETT, LEADER-PICONE & YOUNG, LLP
    2201 Broadway Suite 803
    Oakland, California  94612

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage fully prepaid at Pasadena, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct, and that this Declaration is executed this  _28th_ day of December, 2007, at Pasadena, California.


     _/s/ George M. Wallace_____
        George M. Wallace (declarant)