BARTLETT, LEADER-PICONE & YOUNG, LLP
MALCOLM LEADER-PICONE (STATE BAR # 104620)
ROBERT S. BARTLETT (STATE BAR NO. 79752)
KAIPO K.B. YOUNG (STATE BAR #164718)
2201 BROADWAY, SUITE 803
OAKLAND, CA 94612
TELEPHONE: (510) 444-2404
FACSIMILE: (510) 444-1291
EMAIL: MLP@LEADER-PICONE.COM
EMAIL: ROBERTB@BL-PLAW.COM
EMAIL: KYOUNG@BL-PLAW.COM
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO OFFICE

| | |
|---|---|
| MCQUAID, BEDFORD & VAN ZANDT, LLP, <br><br> Plaintiff, <br><br> vs. <br><br> PARAGON FOUNDATION, INC., <br><br> Defendant. | No. C 07-5179 SI <br><br> **FIRST AMENDED COMPLAINT FOR OPEN-BOOK ACCOUNT, ACCOUNT STATED, SERVICES AND MATERIAL SUPPLIES AND BREACH OF CONTRACT** <br><br> *Trial Date: Not Assigned* |

Plaintiff respectfully alleges as follows:

**PARTIES**

1. MCQUAID, BEDFORD & VAN ZANDT, LLP (hereinafter referred to as "McQuaid") is a limited liability partnership under the laws of California. Plaintiff has an office in San Francisco, California. All services provided by Plaintiff to the Defendant revolved around a Complaint filed in the United States Court of Federal Claims entitled *Sacramento Grazing Association, Inc. v. The United States,* Case No. 04-786C and the appeal of a U.S. Forest Service reduction in cattle grazing allotment rights of the Sacramento Grazing Association, Inc. ("Federal Claims Action").

2. Defendant is PARAGON FOUNDATION, INC., a New Mexico corporation (hereinafter referred to as "Paragon"), which has its principal place of business in Alamogordo, New Mexico.

## JURISDICTION AND VENUE

3. The District Court has jurisdiction over this civil action pursuant to 28 USC 1332(a) based on diversity and amount. The amount of the lawsuit is $120,369.30 plus accrued interest and costs. The locations of the parties' businesses are in San Francisco, California, and Alamogordo, New Mexico.

4. The venue in this District is based upon 28 USC § 1391(a) because all work performed by the Plaintiff on behalf of the Defendant arose as a result of work performed by plaintiff in the City and County of San Francisco, state of California. Defendant chose a San Francisco-based law firm for work on a Court of Federal Claims matter, knowing that all such work would be performed in the City and County of San Francisco, California.

## GENERAL ALLEGATIONS

5. Paragon was and is a foundation set up to provide for the education, research and exchange of ideas in an effort to promote and support Constitutional principles, individual freedoms, private property rights and the continuation of rural customs and culture. Within this mandate, Paragon funds litigation against the Federal Government on actions involving cattle grazing rights and alleged takings by the Federal Government. The executive vice president of Paragon is GB Oliver, III.

6. Sacramento Grazing Association, Inc. (hereinafter referred to as "SGA") is located in Weed, New Mexico. Sacramento had a Term Grazing Permit issued by the United States Department of Agriculture on November 23, 1999 to Jimmy Goss, which authorized 553 cattle on the Sacramento Allotment. The Sacramento District Ranger modified such permit on October 28, 2003. Such modification was subject to administrative review.

7. Michael Van Zandt, a partner at McQuaid met with both the SGA and Paragon regarding potential legal work against the Federal Government. The SGA advised McQuaid and

Paragon that the SGA wanted to pursue a claim against the Federal Government in the United States Court of Federal Claims but that the SGA could not and would not pay costs and attorney fees to litigate such a claim. Paragon previously had funded other litigation involving SGA, also dealing with its ranching operations. Paragon, through their representative, Mr. Oliver, on behalf of the foundation agreed to be solely responsible for funding the proposed litigation. It was agreed and understood by Paragon and SGA that the SGA would be the client of McQuaid, but that Paragon would solely responsible for payment to McQuaid for such litigation against the Federal Government.

8. McQuaid, on behalf of the SGA, filed the Federal Claims Action against the Federal Government ,based upon the agreement by Paragon to pay McQuaid's invoices.

9. McQuaid sent a fee agreement to their client the SGA. SGA presented Paragon with a copy of the fee agreement. A copy of the fee agreement is attached hereto as Exhibit "A", incorporated herein by reference and described with more particularity in the fourth cause of action. Paragon, on page four of the agreement, crossed off the SGA, wrote in Paragon and through Mr. Oliver signed Exhibit "A".

10. Copies of all legal bills for services rendered and costs incurred by McQuaid were sent to both the SGA and Paragon. Because Paragon had agreed to be solely responsible for payment of McQuaid's legal bills, SGA, the client, paid none of the bills. At various times and in varying amounts Paragon paid McQuaid for services rendered and pursuant to the terms of the agreement. To date Paragon has paid the aggregate sum of $199,600.00. The amount listed in first through fourth causes of action is the unpaid balance of the bills sent.

### FIRST CLAIM FOR RELIEF
(Book Account)

11. McQuaid realleges and incorporates the allegations contained in paragraphs one through ten as though fully set forth herein.

12. Within the last four years Paragon became indebted to McQuaid on an open book account for money due in the sum of $120,369.30 plus interest. Effective September 17, 2007, the date of the last book account by McQuaid to Paragon, the outstanding balance including accrued interest was $138,016.15.

**Amended Complaint**                                                                                             **Case No. C 07-5179 SI**

13.     The sum of $120,369.30, which is the reasonable value, is due and unpaid despite McQuaid's demand, plus prejudgment interest at the rate of 12% from November 14, 2005, the date the sums mentioned above became due and owing and attorney fees of $1,000.00 per California Civil Code Section 1717.5.

### SECOND CLAIM FOR RELIEF
### (Account Stated)

14.     McQuaid realleges and incorporates the allegations contained in paragraphs one through ten as though fully set forth herein.

15.     In the last four years Paragon became indebted to McQuaid because an account was stated in writing by and between McQuaid and Paragon in which it was agreed that Paragon was indebted to McQuaid.

16.     The sum of $120,369.30, which is the reasonable value, is due and unpaid despite McQuaid's demand, plus prejudgment interest at the rate of 12% from November 14, 2005, the date the sums mentioned above became due and owing.

### THIRD CLAIM FOR RELIEF
### (Work, Labor and Services Provided)

17.     McQuaid realleges and incorporates the allegations contained in paragraphs one through ten as though fully set forth herein.

18.     Within the last four years McQuaid provided to Paragon, work, labor and services which were rendered at the special instance and request of Paragon and for which Paragon promised to pay McQuaid the sum of $120,369.30 plus interest.

19.     The sum of $120,369.30, which is the reasonable value, is due and unpaid despite McQuaid's demand, plus prejudgment interest at the rate of 12% from November 14, 2005, the date the sums mentioned above became due and owing.

### FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

20.     McQuaid realleges and incorporates the allegations contained in paragraphs one through ten as though fully set forth herein.

21. McQuaid states that on October 1, 2003 a written agreement was made between McQuaid and Paragon. A copy of that Agreement is attached hereto as Exhibit "A" and incorporated herein by reference. Such contract constitutes an independent obligation of Paragon to pay for work performed by McQuaid in the Federal Claims Action.

22. On November 14, 2005 Paragon breached the Agreement by failing to make payments under the Agreement. Prior to the breach, Paragon paid a retainer for work to be performed and made payments on previous invoices from McQuaid to Paragon. Total payments made by Paragon to McQuaid in action #04-786C are $199,600.00.

23. McQuaid has performed all of its obligations to Paragon under the terms of the Agreement. McQuaid sent Paragon a Notice of Client's Right to Arbitration and Paragon has not responded. Paragon has waived its right to arbitrate this fee dispute. Attached hereto as Exhibit "B" and incorporated herein by reference is a copy of that Notice of Client's Right to Arbitration.

24. McQuaid suffered damages by Paragon's breach of the Agreement in the sum of $120,369.30 plus interest at the rate of 12% per annum from November 14, 2005 through date of Judgment.

**WHEREFORE** McQuaid respectively requests entry of a judgment and order on all causes of action providing as follows:

1. For the sum of $120,369.30, the unpaid balance;
2. For costs of suit incurred herein;
3. For interest at the rate of 12% per annum from November 14, 2005

1.     4.    For attorney fees of $1,000.00 pursuant to Civil Code Section 1717.5;

2.     5.    For such other and further relief as the Court deems necessary and proper.

DATED:  February 7, 2008.        BARTLETT, LEADER-PICONE & YOUNG, LLP

BY: /s/ Robert S. Bartlett #79752
    ROBERT S. BARTLETT
    Attorneys for MCQUAID, BEDFORD &
    VAN ZANDT, LLP

**Amended Complaint**        **Case No. C 07-5179 SI**

-6-