George M. Wallace -- Cal. Bar No. 101472
WALLACE & SCHWARTZ
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
gwallace@wallace-schwartz.com
(626) 844-6777; Fax (626) 795-0353

Attorney for Defendant
PARAGON FOUNDATION, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McQUAID, BEDFORD & VAN ZANDT, LLP, | ) Case No.: C 07-5179 SI ) |
| Plaintiff, | ) |
| vs. | ) DEFENDANT'S NOTICE OF ) MOTION AND MOTION TO ) DISMISS AMENDED COMPLAINT |
| PARAGON FOUNDATION, INC., | ) [Fed.R.Civ.P. 12(b)(6)-(7)] OR FOR ) MORE DEFINITE STATEMENT ) [Fed.R.Civ.P. 12 (e)]; |
| Defendant. | ) MEMORANDUM OF POINTS AND ) AUTHORITIES IN SUPPORT |

Date:         April 11, 2008
Time:         9:00 a.m.
Courtroom:    10, 19th Floor

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the 11th day of April, 2008, at 9:00 a.m.

or as soon thereafter as the matter may be heard, before the Honorable Susan

Illston, in Courtroom "10" of the above-entitled Court, located at 450 Golden

Gate Avenue, 19th Floor, San Francisco, California, defendant PARAGON

FOUNDATION, INC., will and hereby does move the Court for the following

orders:

Motion to Dismiss Amended Complaint or for More Definite Statement - 1

1      1.     For an order dismissing the Complaint in this action pursuant to

2  Fed.R.Civ.P. 12(b)(6), on the ground that the Complaint fails to state a claim on

3  which relief can be granted;

4      2.     Alternatively, for an order dismissing the Complaint in this action

5  for failure to join a necessary party under Fed.R.Civ.P. 19, and in particular for

6  failure to join Sacramento Grazing Association, Inc.

7      3.     Alternatively, that plaintiff be required pursuant to Fed.R.Civ.P.

8  12 (e) to make a more definite statement concerning the existence, terms, form

9  and parties to the contract or contracts on which the plaintiff seeks to recover

10  from this defendant, and particularly whether this defendant was or was not a

11  client of the plaintiff law firm.

12      The motion is made based upon this Notice, the accompanying

13  Memorandum of Points and Authorities, the pleadings and records on file in this

14  action, matters of which the Court may take judicial notice, and such other oral

15  and documentary matter as may properly be before the Court at the time of

16  hearing.

17

18  DATED: February 18, 2008         WALLACE & SCHWARTZ

19

20                           */s/ George M. Wallace*

21                           by GEORGE M. WALLACE
                         Attorneys for Defendant PARAGON

22                           FOUNDATION, INC.

23

24

25

1

## TABLE OF CONTENTS

2

3    **MEMORANDUM OF POINTS AND AUTHORITIES** ....................................3

4    ***Introduction and Summary of the Pleading*** .......................................3

5    ***Legal Argument*** ...................................................................................7

6    **I.**    *Sacramento Grazing Association is a Necessary Party to This*

7        *Action and Either Must Be Joined or the Action Dismissed*....................7

8    **II.**    *The Written Agreement Attached to the Complaint Does Not*

9        *Purport to Bind Paragon to Any Obligation to Pay for Services*

10        *Rendered by Plaintiff; If Such An Agreement Was Actually*

11        *Made, It Would Have to Be Evidenced by a Written Consent*

12        *Obtained From Sacramento Grazing Association*...............................10

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

# TABLE OF AUTHORITIES

3

4

## Cases

*Cruz v. United States*, 219 F.Supp.2d 1027 (N.D.Cal. 2002) ..............................12

5

6

## Statutes

Cal. Civil Code §1624 ...........................................................................................9

Cal. Civil Code §2845 .........................................................................................10

7

8

9

## Rules

California Rules of Professional Responsibility, Rule 3-310.........................12, 14

Fed.R.Civ.P. 19.....................................................................................................8

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3        Defendant PARAGON FOUNDATION, INC., submits the following

4    points and authorities in support of its motion for dismiss the Amended

5    Complaint in this action:

6

7        ### *Introduction and Summary of the Pleading*

8        This is an action in which the plaintiff is a law firm, seeking to compel the

9    defendant to pay for legal services rendered by that firm to a third party.

10        The original Complaint in this action was filed October 9, 2007.  On

11    December 28, 2007, defendant PARAGON FOUNDATION, INC. entered its

12    appearance by filing a Motion to Dismiss or, Alternatively, for More Definite

13    Statement.  While that motion was pending, the parties stipulated to the filing of

14    an Amended Complaint.  The Amended Complaint was filed on February 8,

15    2008.  Because the Amended Complaint does not cure a number of the defects to

16    which the defendant previously objected -- and incorporates additional defects --

17    the defendant now renews its motion to dismiss under Fed.R.Civ.P. Rules 12 (for

18    failure to state a claim) and 19 (for failure to join a necessary party defendant).

19        The principal allegations of the Amended Complaint are as follows:

20        Plaintiff is the law firm of McQUAID, BEDFORD & VAN ZANDT, LLP,

21    [referred to in these points and authorities as "MBVZ"], located in San Francisco,

22    California.  Amended Complaint, ¶1.  MBVZ alleges that it provided services in

23    an action before the United States Court of Federal Claims, entitled *Sacramento*

24    *Grazing Association, Inc. v. United States*, Case No. 04-786C, relating to grazing

25    rights of the plaintiff in that action, Sacramento Grazing Association, Inc.

1   [referred to in these points and authorities as "SGA"].  Defendant PARAGON

2   FOUNDATION, INC., [referred to in these points and authorities as "Paragon"]

3   is a corporation organized and existing under the laws of the State of New

4   Mexico.  Amended Complaint, ¶2.  Paragon was not a party to the action in which

5   MBVZ represented SGA, and SGA has not been named as a party to this action.

6       Paragon is a foundation promoting Constitutional rights, particularly

7   private property rights as they impact rural land use.  Amended Complaint, ¶5.  In

8   pursuit of its policy goals, Paragon has supported private parties in litigation with

9   the federal government.  SGA had a dispute with federal authorities over grazing

10  and water rights.  Amended Complaint, ¶6.

11      In this action, MBVZ seeks recover the sum of $120,369.30, plus interest.

12  See, e.g., Amended Complaint, ¶12.  In the original Complaint, the amount

13  sought was characterized as being for "fees for legal work performed by the

14  Plaintiff as well as costs incurred by the Plaintiff *on behalf of Sacramento*."

15  Complaint, ¶5, emphasis added.  It was further alleged that "Paragon, pursuant to

16  a written contract, *promised to answer for the debt of* Sacramento."  *Id.*, emphasis

17  added.  Although the documents attached as Exhibits are the same in both the

18  original and Amended Complaints, the Amended Complaint seeks to

19  recharacterize the significance of those documents.

20      As described in the Amended Complaint, a partner from MBVZ met with

21  Paragon and SGA to discuss potential representation in a suit against the federal

22  government in the Court of Federal Claims.  Amended Complaint, ¶7.  In this

23  meeting, MBVZ alleges that "it was agreed and understood by Paragon and SGA

24  that the SGA would be the client of [MBVZ], but that Paragon would [be] solely

25  responsible for payment to [MBVZ] for such litigation . . . ."  *Id.*  MBVZ filed the

Motion to Dismiss Amended Complaint or for More Definite Statement - 4

1  requested action against the federal government (Amended Complaint, ¶8) and

2  "sent a fee agreement to their client the SGA."  Amended Complaint, ¶9.  SGA is

3  alleged to have forwarded the proposed agreement to Paragon, and Paragon's

4  executive director is alleged to have stricken out the reference to SGA under the

5  signature line and to have signed the agreement.  *Id*.  Thereafter, both SGA and

6  Paragon were sent copies of MBVZ's billings for its services, and Paragon paid

7  those invoices.  Amended Complaint, ¶10.

8      The written contract or letter agreement dated September 4, 2003, is

9  attached to the Amended Complaint, as it was to the original Complaint, as

10 Exhibit "A."  The document is addressed to SGA at an address in Weed, New

11 Mexico.  Throughout the document, reference is made to Sacramento as MBVZ's

12 client, and the body of the document describes the obligations that were to be

13 borne by SGA, variously referred to as "the client" or "you" or "the Association."

14 At page 3, the document requests that "you" should forward a retainer of $10,000,

15 and provides that "you" grant to MBVZ "a contractual and statutory lien on any

16 proceeds of the lawsuit, including a claim for attorneys' fees and costs for any

17 unpaid fees and costs due from you at the time the matter closes."  Paragon is not

18 referred to by name or description anywhere in the body of the contract as drafted

19 and tendered to SGA by MBVZ.  The final paragraph of the document provides in

20 relevant part:

21      This Agreement shall not take effect and we will have no

22      obligation to render legal services until this Agreement is signed by

23      the authorized representative of the [Sacramento Grazing]

24      Association and the requested retainer are returned to us by you.

25

Motion to Dismiss Amended Complaint or for More Definite Statement - 5

1    Further down the same page, the agreement is dated October 1, 2003, and is

2    signed by G.B. Oliver III, the Executive Director of Paragon.

3         Plaintiff's first claim for relief is on an open book account.  In that count,

4    plaintiff reincorporates the preceding allegations concerning the formation of a

5    written contract, then alleges that Paragon has become indebted to MBVZ in the

6    amount of $120,369.30.  Amended Complaint, ¶¶11-12.

7         Plaintiff's second claim for relief is nearly identical, again incorporating

8    the allegations concerning formation of a written contract and asserting that there

9    is an account stated in writing "in which it was agreed that Paragon was indebted

10   to [MBVZ]," again in the amount of $120,369.30.  Amended Complaint, ¶¶14-15.

11        The third claim for relief again reincorporates the preliminary allegations,

12   then adds an assertion that MBVZ "provided to Paragon, work, labor and

13   services" for which Paragon promised to pay the stated sum.  Amended

14   Complaint, ¶18.  The parallel allegation in the original Complaint (¶13) stated

15   that the services had been provided to "Sacramento" and that Paragon had agreed

16   to pay for them.

17        Finally, the fourth claim for relief alleges a claim for breach of contract.

18   MBVZ alleges that the document attached as Exhibit "A" is a written agreement

19   between it and Paragon, which it characterizes as "an independent obligation of

20   Paragon to pay for work performed by [MBVZ] in the Federal Claims Action."

21   Amended Complaint, ¶21.  It further alleges that Paragon has breached that

22   agreement in November, 2005, by failing to make payment to MBVZ.  Amended

23   Complaint, ¶22.  Plaintiff contends that it has fully performed its obligations

24   under the agreement, and that it tendered to Paragon a Notice of Client's Right to

25   Arbitrate under California law (a copy of which is attached as Exhibit "B"), and

1  that Paragon did not respond.  Amended Complaint, ¶23.  MBVZ again claims

2  damages in the amount of $120,369.30, plus interest.

3        Paragon now moves to dismiss the Amended Complaint under

4  Fed.R.Civ.P. on the grounds that the allegations in that pleading do not state an

5  actionable claim and that a necessary party, Sacramento, has not been joined in

6  this action.  In the alternative, Paragon seeks a more definite statement

7  concerning the terms of the agreement(s) on which MBVZ purports to sue, the

8  parties to that agreement, and the manner in which the agreement was entered

9  into.

10

11        ***Legal Argument***

12        ***I.    Sacramento Grazing Association is a Necessary Party to***

13              ***This Action and Either Must Be Joined or the Action***

14              ***Dismissed***

15        All four of the plaintiff's claims incorporate the allegations of ¶5 that

16  MBVZ possesses rights against Paragon pursuant to a written contract.  The only

17  written contract specifically identified in the Amended Complaint is the letter

18  agreement attached to the pleading as Exhibit "A".  Although that agreement is

19  signed by the Executive Director of Paragon, the agreement does not purport by

20  its terms to be an agreement between MBVZ and Paragon.  Rather, it is plain on

21  the face of the document that it is an agreement *between MBVZ and SGA* under

22  which an attorney-client relationship is to be formed between those parties and

23  pursuant to which MBVZ will render services *to SGA* and will look *to SGA* for

24  payment.  There is no reference anywhere in the document to there being any

25  agreement by Paragon, or by any person or entity other than SGA, to pay for

Motion to Dismiss Amended Complaint or for More Definite Statement - 7

1    SGA's representation by MBVZ, and the explicit terms of the document are not

2    open to any interpretation that they were intended to bind Paragon.  Thus,

3    whatever obligations Paragon may be claimed to owe under this or some other

4    agreement, it is plain that SGA was the principal beneficiary of MBVZ's

5    agreement to render legal services, that SGA was the principal obligor in regard

6    to paying for those services, and that SGA has a direct and unavoidable interest in

7    the claims presented in the Amended Complaint.

8         In considering whether an unnamed party is "necessary" and to be joined if

9    feasible under Fed.R.Civ.P. 19(a), the Court must determine whether

10        (1) in the person's absence complete relief cannot be accorded

11        among those already parties, or (2) the person claims an interest

12        relating to the subject of the action and is so situated that the

13        disposition of the action in the person's absence may (i) as a

14        practical matter impair or impede the person's ability to protect that

15        interest, or (ii) leave any of the persons already parties subject to a

16        substantial risk or incurring double, multiple, or otherwise

17        inconsistent obligations by reason of the claimed interest.

18        Here, the absent party -- SGA -- is explicitly named as a party to the

19    contract that provides the stated basis for MBVZ's suit.  As a party to that

20    agreement, SGA has a direct interest in the manner in which that agreement is

21    interpreted or enforced.  Moreover, SGA is alleged to occupy a special

22    relationship to MBVZ in the performance of that contract -- the relationship of

23    attorney and client -- and the rights and obligations of the parties to that

24    relationship will necessarily be determined in this action.

25

Motion to Dismiss Amended Complaint or for More Definite Statement - 8

1       MBVZ alleges, and the principal thrust of its claims against Paragon is, that

2   Paragon in some manner and by some agreement agreed to pay for the legal

3   services MBVZ was to provide to SGA, without Paragon itself receiving the

4   benefit of those services or otherwise occupying the place of a client of the law

5   firm entitled to participate in the management of the litigation.  In practical terms,

6   this means that SGA and Paragon occupied the relation to one another of

7   principal and surety.  Under the terms of Exhibit "A," SGA's is clearly the

8   primary obligation to pay.  Paragon, in some manner not described with any

9   specificity in the Amended Complaint, is claimed to have agreed to bear what is

10  fundamentally SGA's obligation.[1]

11      Although MBVZ has deleted the express description of Paragon's

12  agreement as one to "answer for the debt of another," the circumstances alleged

13  in the Amended Complaint nonetheless establish the plain interest of SGA in this

14  action, and the necessity that it should participate as a party responding to

15  MBVZ's claims.  California law entitles a surety, such as Paragon, to require that

16  _____

17  [1]      The Amended Complaint does not state whether MBVZ contends that the
18  agreement by which Paragon assumed responsibility for the debt of SGA
    obligated Paragon directly, or only in the event of a default by SGA.  If the latter,
19  there is no allegation that SGA has failed to perform as it was obliged to under
    Exhibit "A".  If the former, there is no written agreement attached to or described
20  in the Amended Complaint under which Paragon purports to accept that
21  obligation.

22      As a general rule, contracts to answer for the debt of another are required to
    be in writing under California's Statute of Frauds.  See Cal. Civil Code
23  §1624(a)(2).  Moreover, as described below, California professional
    responsibility rules require that most agreements under which legal services are to
24  be paid for by a party other than the actual client must be evidenced by a writing
    to which the client is a signatory.  No such written memorandum or agreement is
25  referred to in the Amended Complaint.

Motion to Dismiss Amended Complaint or for More Definite Statement - 9

1  the creditor first seek satisfaction from the principal, i.e., from SGA.[2]  MBVZ

2  should, accordingly, be obliged to join SGA as a defendant in this action or else,

3  if such a joinder is not possible, this case should be dismissed for lack of a

4  necessary party.

5

6        II.     *The Written Agreement Attached to the Complaint Does Not*

7                 *Purport to Bind Paragon to Any Obligation to Pay for*

8                 *Services Rendered by Plaintiff; If Such An Agreement Was*

9                 *Actually Made, It Would Have to Be Evidenced by a Written*

10                *Consent Obtained From Sacramento Grazing Association*

11     Although the Amended Complaint is framed in four ostensibly separate

12 counts, it is plain that only one claim is actually being asserted in this case:

13 MBVZ contends that there was a written contract entered into between Paragon

14 and the law firm under which Paragon is obliged to pay the fees and costs

15 incurred in MBVZ's representation of Sacramento.  However, the particularized

16 facts that are stated in the Amended Complaint -- and particularly the contents of

17 the letter agreement of September 4, 2003, Exhibit "A" to the Amended

18 Complaint -- still stand directly in contradiction to that contention.

19     Exhibit "A" to the Amended Complaint is the only written agreement that

20 is specifically identified in the pleading.  It must, therefore, be assumed that this

21 _____

22 [2]   See Cal. Civil Code §2845:

23     A surety may require the creditor . . . to proceed against the

24     principal, or to pursue any other remedy in the creditor's power
    which the surety cannot pursue, and which would lighten the surety's

25     burden; and if the creditor neglects to do so, the surety is exonerated
    to the extent to which the surety is thereby prejudiced.

Motion to Dismiss Amended Complaint or for More Definite Statement - 10

1    is the agreement that MBVZ relies upon in seeking to impose liability on

2    Paragon.  The language actually used in the agreement, however, does nothing of

3    the sort.  Paragon is not mentioned by name anywhere in the body of that

4    agreement.  Throughout the document, it is plain from the context that "you"

5    refers to SGA, and only to SGA.  See, e.g. the second paragraph of Section I. of

6    the agreement: "*You* have asked us to represent *you* in *your* ongoing controversy

7    with the United States Forest Service concerning the taking of *your* cattle and

8    ranching operation in New Mexico."  In Section III. of the agreement, containing

9    the promise to pay, the references to "you" clearly refer to SGA as well.  There is

10   nothing to indicate that the term has changed its meaning so as to incorporate

11   Paragon as an obligee.

12          The one appearance of Paragon's name in the entire document is over the

13   signature of Paragon's Executive Director, Mr. Oliver, on page 4.  MBVZ

14   presumably contends that the insertion of Paragon's name at that point,

15   accompanied by the striking out of SGA's name, must indicate that Paragon

16   bound itself to pay.  The contract as a whole, however, does not support that

17   conclusion.  The final paragraph of the agreement specifies that the contract

18   becomes binding upon its execution by "the authorized representative" of SGA.

19   Paragon, in executing the agreement, appears to have served as that

20   "representative."  That is, Paragon executed the agreement as the agent (an

21   "authorized representative") of a disclosed principal, SGA.  It follows that only

22   the principal, and not the agent, was bound by that signature.

23          [I]t is a matter of basic California contract law that where his

24          principal is disclosed an agent cannot be held liable for breach of a

25          contract to which he is not a party.  See *Filippo Industries Inc. v. Sun*

1    *Ins. Co. of New York*, 74 Cal.App.4th 1429, 1443, 88 Cal.Rptr.2d 881

2    (1999).

3    *Cruz v. United States*, 219 F.Supp.2d 1027, 1038 (N.D.Cal. 2002).

4           Even if an agreement of the kind described in the Amended Complaint had

5    been entered into -- i.e., an agreement in which services were to be rendered

6    exclusively to SGA but were to be paid for by Paragon -- at least one additional

7    written agreement would be necessary in order to establish such relationship

8    under California law.  As a general rule, an attorney must seek compensation only

9    from the client.  When a third party takes on the responsibility to pay for legal

10   services, concerns relating to potential conflicts of interest on the part of the

11   attorneys compel the execution of written disclosures sufficient to establish the

12   existence of the agreement and that the non-attorney parties have been fully

13   informed in entering into that agreement.  California Rules of Professional

14   Responsibility, Rule 3-310, addresses this sort of relationship, and provides in

15   relevant part as follows:

16           (A)    For purposes of this rule:

17           (1)    'Disclosure' means informing the client or former client

18   of the relevant circumstances and of the actual and reasonably

19   foreseeable adverse consequences to the client or former client;

20           (2)    'Informed written consent' means the client's or former

21   client's *written agreement* to the representation following *written*

22   *disclosure*; . . .

23                              * * *

24           (F)    A member shall not accept compensation for

25   representing the client from one other than the client unless:

Motion to Dismiss Amended Complaint or for More Definite Statement - 12

1    (1)    There is no interference with the member's

2    independence of professional judgment or with the client-lawyer

3    relationship; and

4    (2)    Information relating to representation of the client is

5    protected as required by Business and Professions Code section

6    6068, subdivision (c); and

7    (3)    The member obtains the client's *informed written*

8    *consent*, provided that no disclosure or consent is required if:

9    (a)    such nondisclosure is otherwise authorized by law; or

10    (b)    the member is rendering legal services on behalf of any

11    public agency which provides legal services to other public agencies

12    or the public.

13    (Emphasis added.)

14    There are two possible ways to characterize the relationship between

15    MBVZ, SGA and Paragon.  First, SGA may be the sole client of the firm with

16    Paragon as nothing more than a source of funding.  This is apparently the

17    relationship that MBVZ has in mind in its Amended Complaint, although it is not

18    borne out by the terms of Exhibit "A" to that pleading.  If that is the

19    characterization that MBVZ intends, however, then it must allege and prove that

20    it made the required written disclosures to, and obtained the required written

21    consents from, its client SGA.  MBVZ has not done so in either the original or

22    Amended Complaint.

23    Alternatively, MBVZ could acknowledge that *both* SGA *and* Paragon were

24    clients of the firm.  If that is how MBVZ characterizes the relationship, the firm

25    would be relieved of its obligations relating to disclosure and consent under Rule

Motion to Dismiss Amended Complaint or for More Definite Statement - 13

1    3-310(F).  It would also serve to acknowledge, as Paragon contends, that MBVZ

2    owed fiduciary and professional obligations to both of its joint clients -- i.e., to

3    Paragon as well as to SGA -- and that MBVZ's performance of those professional

4    obligations is properly to be considered in assessing Paragon's financial

5    obligations, if any, to pay for the firm's services.[3]

6            As presently alleged, the specific facts set forth in the Amended Complaint

7    and its primary Exhibit either directly contradict the existence any personal

8    liability on the part of Paragon or cast doubt upon MBVZ's compliance with the

9    requirements of California law.  In the absence of additional facts clarifying the

10   basis on which plaintiff contends Paragon took on any additional liability for

11   SGA's debt, this action can and should be dismissed.  Alternatively, the Amended

12   Complaint should be further amended so as to provide greater certainty

13   concerning the particular relationships, contractual or otherwise, that MBVZ

14   maintains entitle it to pursue its claims against Paragon.

15

16   DATED: February 18, 2008            Respectfully submitted,

17                                       WALLACE & SCHWARTZ

18                                        */s/ George M. Wallace*
19                                       by GEORGE M. WALLACE
                                         Attorneys for Defendant PARAGON
20                                       FOUNDATION, INC.

21

22

23   _____

24   [3]      Further support for characterizing Paragon as a client of MBVZ is found in
     Exhibit "B" to the Amended Complaint, the notice of arbitration rights that
25   California law requires to be sent to *clients* as a prerequisite to an attorney's suit
     to collect unpaid fees for legal services.

Motion to Dismiss Amended Complaint or for More Definite Statement - 14

# PROOF OF SERVICE BY MAIL

I, the undersigned, am a resident of the county of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  I am employed by Wallace & Schwartz, at 215 North Marengo Avenue, Third Floor, Pasadena, California  91101-1504.

On the __18th__ day of February, 2008, I served the foregoing  DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT [Fed.R.Civ.P. 12(b)(6)-(7)] OR FOR MORE DEFINITE STATEMENT [Fed.R.Civ.P. 12 (e)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT and a copy of this Proof of Service on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

> Robert S. Bartlett, Esq.
> BARTLETT, LEADER-PICONE & YOUNG, LLP
> 2201 Broadway Suite 803
> Oakland, California  94612

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage fully prepaid at Pasadena, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct, and that this Declaration is executed this __18th__ day of February, 2008, at Pasadena, California.


 _/s/ George M. Wallace_____
  George M. Wallace (declarant)


Motion to Dismiss Amended Complaint or for More Definite Statement - 15