
BARTLETT, LEADER-PICONE & YOUNG, LLP
ROBERT S. BARTLETT (State Bar No. 79752)
MALCOLM LEADER-PICONE (State Bar No. 104620)
KAIPO K.B. YOUNG (State Bar No. 164718)
2201 BROADWAY, SUITE 803
OAKLAND, CA 94612
TELEPHONE:   (510) 444-2404
FACSIMILE:   (510) 444-1291
EMAIL:       mlp@leader-picone.com
EMAIL:       RobertB@BL-Plaw.com
EMAIL:       KYoung@BL-Plaw.com

Attorneys for Plaintiff
MCQUAID, BEDFORD & VAN ZANDT, LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MCQUAID, BEDFORD & VAN ZANDT, LLP, <br><br> Plaintiff, <br><br> vs. <br><br> PARAGON FOUNDATION, INC., <br><br> Defendant. | No. C 07-5179 SI <br><br> **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS/MOTION FOR MORE DEFINITE STATEMENT.** <br><br> Date: April 7, 2008 <br> Time: 9:00 a.m. <br> Crtrm.: 10, 19th Floor <br> Hon. Susan Illston |

### I. PRELIMINARY STATEMENT.

MCQUAID, BEDFORD & VAN ZANDT, LLP ("McQuaid") is a San Francisco law firm. This is a lawsuit to collect attorney's fees and costs incurred in prosecuting a case before the United States Court of Federal Claims entitled <u>Sacramento Grazing Association, Inc. v. The United States,</u> Case No. 04-786C, which appealed the U.S. Forest Service reduction in cattle grazing allotment rights of the Sacramento Grazing Association, Inc. ("Federal Claims Action"). Defendant PARAGON FOUNDATION, INC. ("Paragon") retained McQuaid to be the counsel for the Sacramento Grazing Association, Inc. and agreed in writing to pay the attorney's fees and costs incurred in the litigation. The lawsuit seeks $120,369.30 plus accrued interest and costs.

## II.  STATEMENT OF FACTS.

The following facts are alleged in the First Amended Complaint, and must be taken as true for purposes of this motion to dismiss under Rule 12(b)(6) & (7) of the Federal Rules of Civil Procedure (see *Buckley v. Fitzsimmons*, 509 U.S. 259, 261 (1993)):

1. Paragon was and is a foundation set up to provide for the education, research and exchange of ideas in an effort to promote and support Constitutional principles, individual freedoms, private property rights and the continuation of rural customs and culture. Within this mandate, Paragon funds litigation against the Federal Government on actions involving cattle grazing rights and alleged takings by the Federal Government. The executive vice president of Paragon is GB Oliver, III. (*First Amended Complaint* ("*FAC*"), ¶ 5.

2. Sacramento Grazing Association, Inc. (hereinafter referred to as "SGA") is located in Weed, New Mexico. Sacramento had a Term Grazing Permit issued by the United States Department of Agriculture on November 23, 1999 to Jimmy Goss, which authorized 553 cattle on the Sacramento Allotment. The Sacramento District Ranger modified such permit on October 28, 2003. Such modification was subject to administrative review. *FAC*, ¶ 6.

3. Michael Van Zandt, a partner at McQuaid met with both the SGA and Paragon regarding potential legal work against the Federal Government. The SGA advised McQuaid and Paragon that the SGA wanted to pursue a claim against the Federal Government in the United States Court of Federal Claims but that the SGA could not and would not pay costs and attorney fees to litigate such a claim. Paragon previously had funded other litigation involving SGA, also dealing with its ranching operations. Paragon, through their representative, Mr. Oliver, on behalf of the foundation agreed to be solely responsible for funding the proposed litigation. It was agreed and understood by Paragon and SGA that the SGA would be the client of McQuaid, but that Paragon would solely responsible for payment to McQuaid for such litigation against the Federal Government. *FAC*, ¶ 7.

4. McQuaid, on behalf of the SGA, filed the Federal Claims Action against the Federal Government, based upon the agreement by Paragon to pay McQuaid's invoices. *FAC*, ¶ 8.

5. McQuaid sent a fee agreement to their client the SGA. SGA presented Paragon with a copy of the fee agreement. A copy of the fee agreement is attached to the *FAC* as Exhibit "A",

incorporated herein by reference. On page four of the agreement, Paragon crossed off the name SGA, and wrote in Paragon and through Mr. Oliver and signed the fee agreement. *FAC*, ¶ 9.

6.  Copies of all legal bills for services rendered and costs incurred by McQuaid were sent to both the SGA and Paragon. Because Paragon had agreed to be solely responsible for payment of McQuaid's legal bills, SGA, the client, paid none of the bills. At various times and in varying amounts Paragon paid McQuaid for services rendered and pursuant to the terms of the agreement. To date Paragon has paid the aggregate sum of $199,600.00. *FAC*, ¶ 10.

7.  The unpaid balance of the bills sent is $120,369.30 plus interest. Effective September 17, 2007, the date of the last book account by McQuaid to Paragon, the outstanding balance including accrued interest was $138,016.15. *FAC*, ¶ 12.

### III.  ARGUMENT.

#### A.  DEFENDANT HAS NOT MET ITS BURDEN ON THE MOTION TO DISMISS.

##### 1.  The Amended Complaint Supercedes The Original Complaint And Renders The Original Complaint Of No Legal Effect.

An amended complaint supersedes the original and renders it of no legal effect. See, e.g., *Washer v. Bullitt County*, 110 U.S. 558, 562, 28 (1884); *Miller v. American Export Lines, Inc.*, 313 F.2d 218 (2d Cir. 1963) (*per curiam*); *Cicchetti v. Lucey*, 514 F.2d 362, 365 n.5 (1st Cir. 1975). In this case, in response to a prior motion to dismiss, plaintiff attempted to spare the Court and the parties the time and effort dealing with a motion to dismiss by stipulating to amend the complaint to clarify what appeared to be confusion on the part of the defendant.

Notwithstanding the fact that plaintiff voluntarily added 6 paragraphs of allegations and over 400 words, to clarify its claims, defendant moved again to dismiss on the very same grounds as previously, and again asked for a more definite statement. Defendant's contentions are all without merit. SGA is not an indispensable party to this litigation and no more definite statement is necessary in this simple collection case.

### 2. Defendant Has A Very High Hurdle To Obtain Dismissal Under Rule 12(B)(6).

In ruling on a motion to dismiss under Rule 12(b)(6), all allegations of the complaint and all reasonable inferences from those allegations are taken as true, and the allegations are construed in the light most favorable to the plaintiff. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) **only** if it appears beyond doubt that the plaintiff can prove no set of facts to support its claims. *Id.*

Here, it cannot seriously be disputed that Paragon owes McQuaid the unpaid balance of the legal fees that Paragon agreed to pay in writing. Paragon cannot show that there is no set of facts that will permit recovery for plaintiff. Indeed, Paragon only launches a cursory attack on the breach of contract claim and fails to offer any argument or law to contradict the allegations of the common counts.

### B. DEFENDANT DOES NOT DISPUTE THE SUFFICIENCY OF THE ALLEGATIONS OF THE COMMON COUNTS.

An account stated is "an agreement between both parties that all the items are true; but this agreement may be implied from circumstances, as where merchants reside in different places, and one sends an account to the other, who makes no objection to it within a reasonable time. *Parsons v. Segno* (1921) 187 Cal. 260, 263-264, *Auzerais v. Naglee* (1887) 74 Cal. 60, 63. It has long been settled that the bill of an attorney for services, like any other bill, may under proper circumstances and conditions be the subject of an account stated. *Trafton v. Youngblood* (1968) 69 Cal.2d 17, 25. In addition, if the account is sent to the debtor, and he does not object to it within a reasonable time, "his acquiescence will be taken as an admission that the account is truly stated." *Id.*

The allegations here are that defendant was billed for the legal services and paid almost $200,000 for those services without complaint. *FAC*, ¶ 10. Defendant never objected to the invoices for the $120,369.30 in invoices that it was sent but did not pay. *FAC*, ¶ 12.

An account stated may be attacked only by proof of "fraud, duress, mistake, or other grounds cognizable in equity for the avoidance of an instrument." *Gardner v. Watson* (1915) 170 Cal. 570, 574; *Gleason v. Klamer* (1980) 103 Cal.App.3d 782, 787. A defendant "will not be heard to answer when action is brought upon the account stated that the claim or demand was unjust, or

invalid." *Gardner* at 575, 577; *Gleason* at 787. There is nothing on the face of the *FAC* by which defendant can argue that there was fraud, duress, mistake or other equitable grounds that would render the common count claims avoidable. Consequently, the *FAC* alleges three viable common count claim against Paragon, which defendant has not even addressed in its motion, regardless of what the Court rules with respect to the breach of contract claim.

        C.      **PARAGON WAS NOT A SURETY. IT WAS A DIRECT, AND THE ONLY, OBLIGOR WITH RESPECT TO THE DEBT.**

Paragon argues that it should be exonerated from the debt, because it was merely a surety of SGA, and plaintiff did not first goes after SGA for this debt. However, Paragon ignores the well-pleaded allegations of the *FAC*, that Paragon, SGA and McQuaid all agreed that SGA would have no obligation to pay the legal fees. *FAC*, ¶ 7.

Civil Code section 2845, which Paragon cites in support of its argument, only applies to surety relationships, which are defined in Civil Code section 2787 as a promise to answer for the debt or default of another. *Wexler v. McLucas*, 48 Cal.App.3d Supp 9 (1975); *Withers v. Bousfield*, 42 Cal.App 304 (1919) A surety relationship only arises when two persons are under obligation to the same creditor on the same debt. *Everts v. Matteson*, 21 Cal.2d 437 (1943). In this case, the facts alleged are that **only** Paragon and **not** SGA was liable for McQuaid's bills. Therefore, there was no surety relationship. Paragon was the one and only obligor. It was the only party sent the bills, and it was the only party that paid the bills. Accordingly, the surety argument is without merit.

        D.      **SACRAMENTO GRAZING ASSOCIATION IS NOT A NECESSARY PARTY.**

Paragon offers no legal authority whatsoever to support its argument that SGA is a "necessary" party under Rule 19(a) of the Federal Rules of Civil Procedure. At best, it makes a haphazard argument that SGA had an obligation to pay the legal fees or that Paragon was merely a surety. However, in making those arguments, Paragon strays far from the words in the *FAC*. The *FAC* is explicit that SGA, McQuaid and Paragon all agreed that SGA was not going to be responsible for the legal expense and that Paragon was directly liable to McQuaid for the legal fees. *FAC*, ¶ 3. Moreover, Paragon's conduct in paying almost $200,000 of those legal bills without complaint,

OPPOSITION TO MOTION TO DISMISS        Case No. C 07-5179 SI
-5-

resolves any ambiguity in the arrangement that Paragon might allege. See *Kennecott Corp. v. Union Oil Co.*, 196 Cal.App.3d 1179 (1987)(citations omitted) ("The conduct of the parties after execution of the contract and before any controversy has arisen as to its effect affords the most reliable evidence of the parties' intentions.")

Under Federal Rule of Civil Procedure 19(a), "a party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). Only if the court finds that an absent party is "necessary" does it proceed to determine whether joinder is feasible, or if not, whether the party is "indispensable." *Id.*

In this case, it is clear that SGA is not "necessary" under Rule 19(a). The case can provide plaintiff with complete relief in a money judgment against Paragon, and Paragon alone. SGA has no "legally protected interest in the action" because nothing litigated in this case will impact SGA's legal rights. Even if Paragon argues that SGA is also liable for these legal bills, that does not make SGA a "necessary" party, because the creditor can sue any of the direct obligors on the debt. Paragon can always sue SGA for indemnity after it pays a judgment in this case. See, *Fed. Deposit Ins. Corp. v. County of Orange (In re County of Orange)*, 262 F.3d 1014, 1022 (9th Cir. 2001) [no abuse of discretion to proceed with action without joinder of Mello-Roos districts, because County of Orange could always seek reimbursement from districts in subsequent action].

If the Court did find that SGA was a "necessary" party, then Paragon would be permitted under Rule 19 to join SGA as a defendant.[1]

Of course, it must be noted that Paragon wisely does not argue that SGA is an "indispensable" party to the action. "Indispensable parties under Rule 19(b) are persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *EEOC v. Peabody*, 400

---

[1] It can be presumed that Paragon has not joined SGA itself, because it knows that SGA will confirm the allegations of the *FAC* that it, SGA, is not liable on these bills; and SGA would not have retained McQuaid absent Paragon's agreement to fund the litigation.

**OPPOSITION TO MOTION TO DISMISS**                                        Case No. C 07-5179 SI
-6-

F.3d 774, 780 (9th Cir. 2005). SGA cannot be "indispensable" because (1) complete relief can be afforded without the presence of SGA and (2) because there is no evidence before the Court that Paragon could not make SGA a party, if it chose to do so. It is only when a necessary party under Rule 19(a) "cannot be made a party" that "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus being regarded as indispensable." See Fed. R. Civ. P. 19(b). Thus, only where the Court goes beyond a finding that a party is "necessary" to a finding that the party is "indispensable" that the Court can even consider dismissal of the case due to the absence of the "indispensable" party.

Here, there is not even the contention that SGA is "indispensable". Thus, there is no basis alleged for dismissal of the case for failure to join SGA.

E. **PARAGON IS BOUND AS A PARTY TO THE FEE AGREEMENT BY BOTH ITS EXECUTION OF THE AGREEMENT AND ITS PERFORMANCE OF THE CONTRACT.**

Paragon argues that it is not a party to the fee agreement because it is not named in the typed portions of the agreement. Paragon acknowledges that it struck out SGA's name for the signature line and that its Executive Director, Mr. Oliver, signed the fee agreement on behalf of Paragon. However, Paragon, overlooks the rule that inferences are to made in favor of the non-moving party (*Sprewell v. Golden State Warriors, supra*, 266 F.3d at 988) and asks the Court to infer that Paragon signed the fee agreement merely as an agent for SGA. In so doing, Paragon asks the Court to ignore the well-pleaded allegations of parol evidence (1) that SGA, Paragon and McQuaid all met and agreed that SGA would have no liability for the fees and that Paragon would be liable for all fees and costs of the litigation; and (2) that Paragon struck out SGA's name and signed the fee agreement to signify that it, not SGA, was the direct obligor under the fee agreement.

The case of *Filippo Industries Inc. v. Sun Ins. Co. of New York*, 74 Cal.App.4th 1429, 1443 (cited in *Cruz v. United States*, 219 F.Supp.2d 1027, 1038 (N.D.Cal. 2002)) that Paragon cites for the proposition that an agent cannot be held liable where his principal is disclosed, has no bearing on this case; because Paragon is not alleged to be the agent of SGA. Paragon is alleged to have signed the fee agreement on its own behalf as a direct obligor for the attorney's fees.

Again, if there was any doubt as to Paragon's status when it signed the fee agreement, that doubt was erased by Paragon's receipt of and payment of almost $200,000 in legal fees in the SGA lawsuit against the United States, as alleged in paragraph 10 of the *FAC*. Where a contract has been performed by partial payment, the party that paid cannot later complain that there is no contract or that the contract is void. See, *Midwest Air Filters Pacific, Inc. v. Finn*, 201 Cal. 587 (1927) [any defect in contract waived by partial payment under the terms of the contract]; *Suverkrup v. Suhl*, 108 Cal.App.2d 284, 287 (1951) [too late to complain contract violated statute of frauds after acceptance of benefits of the contract and partial payment].[2]

### F. NOTHING IN CALIFORNIA LAW REQUIRES THAT AN ATTORNEY MUST ONLY SEEK COMPENSATION FOR THE CLIENT.

Paragon asserts **without any legal authority** that "[a]s a general rule, an attorney must seek compensation only from the client." That statement is absurd. The statement ignores the myriad instances in which insurance companies pay legal fees on behalf of their insured. It also ignores many instances in which legal fees are paid by businesses on behalf of their employees under California Labor Code section 2802. In fact, Rule 3-310 of the California Rules of Professional Conduct, which Paragon quotes in its brief, expressly contemplates situations in which an attorney is paid "compensation for representing the client from one other than the client."

In the insurance context, the insurance company paying for legal services on behalf of its insured is considered a client of the attorney. In the normal tri-partite relationship between an insurer, an attorney, and an insured, the following duties arise: "The insurer has a duty to defend the insured and hires counsel to provide the defense. The insurer controls the prosecution of the defense. So long as the interests of the insurer and the insured coincide, they are both the clients of the defense attorney and the defense attorney's fiduciary duty runs to both the insurer and the insured." *National Union Fire Ins. Co. v. Stites Prof. Law Corp.* (1991) 235 Cal.App.3d 1718, 1727; accord, *Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone* (2000) 79 Cal.App.4th 114, 124; *San*

---

[2] Parol evidence is admissible to determine party to contract where there is a discrepancy between the name of the party in the body of the agreement and name and capacity of the person signing the contract. *McCollum v. Steitz*, 261 Cal.App.2d 76 (1968).

OPPOSITION TO MOTION TO DISMISS                          Case No. C 07-5179 SI
-8-

*Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358, 364, fn. 3.

Similarly here, Paragon agreed to fund SGA's litigation and obligated itself to pay McQuaid's bills; just as an insurance company hiring defense counsel is bound to pay for the cost of the insured's defense. There is nothing about that tri-partite relationship which precludes a lawsuit against the insurer for failing to pay the lawyer's bill.

Although Paragon raises Rule 3-310 as a defense, Rule 3-310 is not a basis to dismiss a complaint under Rule 12(b)(6). Paragon would have to bring a summary judgment motion and make a factual showing were it to allege that McQuaid failed to obtain SGA's informed written consent to the payment arrangement. However, it must be noted that Rule 3-310 does not require such consent where there is no conflict of interest between the client who is not paying the bill and the second "client" who is paying the bill. Paragon certainly does not contend anywhere in its discussion of Rule 3-310 that it had any conflicts of interest with SGA; and taking the allegations of the *FAC* as true for purposes of the motion, there was no conflict of interest. According to the allegations of the *FAC*, and reasonable inferences therefrom, it was the complete alignment of the interests of Paragon and SGA that led Paragon to commit itself to pay for SGA's legal fees.

Moreover, Rule 3-310 does not provide a defense to the fee claim against Paragon, since the Rule does not create any legal duty. *Cont'l Ins. Co. v. Superior Court,* 32 Cal.App.4th 94, 111 (1995):

> We recognize that the ultimate responsibility for determining whether an attorney's conduct violates the California Rules of Professional Conduct and warrants discipline rests with the Board of Governors of the State Bar of California (Rules Prof. Conduct, rule 1-100 (A)), and that the Rules of Professional Conduct" are not intended to create new civil causes of action," or "to create, augment, diminish, or eliminate any substantive legal duty of lawyers or the non-disciplinary consequences of violating such a duty." Rules Prof. Conduct, rule 1-100 (A).

Thus, Rule 3-310 is nothing more than a red-herring that Paragon is throwing in the path of its clearly alleged liability for McQuaid's bills; and Rule 3-310 is not grounds for dismissal of the case under Rule 12(b)(6).

/ / / /

## IV. CONCLUSION.

This second motion to dismiss, after plaintiff voluntarily amended its complaint to provide a more expansive statement of the material allegations, is nothing more than a tactic to delay Paragon's obvious liability for this debt. Paragon's attacks on the contract claim are without merit, as is its argument that SGA is a necessary party. However, even if those arguments had merit, Paragon has not contested, and cannot contest, the well-pled allegation of the common counts. Paragon unquestionably obtained McQuaid's services on behalf o SGA, paid almost $200,000 for those services before ceasing to pay McQuaid's invoices. It is too late, under the common counts, for Paragon to contest that it was the account party who owes on those bills. Accordingly, the motion to dismiss should be denied.

Respectfully submitted,

DATED: March 20, 2008.

BARTLETT, LEADER-PICONE & YOUNG, LLP

BY: _____
MALCOLM LEADER-PICONE
Attorneys for Plaintiff
MCQUAID, BEDFORD & VAN ZANDT, LLP

## PROOF OF SERVICE BY MAIL

I, Marie Bernstine, declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within action. My business address is 2201 Broadway, Suite 803, Oakland, CA 94613. On March 20, 2008, I served the following document(s) entitled:

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS/MOTION FOR MORE DEFINITE STATEMENT**

upon the following person(s) in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Oakland, California addressed as follows:

> George M. Wallace, Jr.
> Wallace & Schwartz
> 215 N. Marengo Avenue, 3rd Floor
> Pasadena, CA  91101-1504

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on March 20, 2008.



Marie Bernstine

PROOF OF SERVICE                                  Case No. C 07-5179 SI