IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McQUAID BEDFORD & VAN ZANDT, LLP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PARAGON FOUNDATION, INC.,<br><br>　　　　Defendant.<br>_____/ | No. C 07-5179 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OR FOR MORE DEFINITE STATEMENT** |

Defendant has filed a motion to dismiss the amended complaint, or alternatively for a more definite statement. The motion is scheduled for a hearing on April 7, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

**BACKGROUND**

Plaintiff McQuaid, Bedford & Van Zandt, LLP ("McQuaid") is a law firm. Plaintiff filed suit to collect attorneys' fees and costs incurred in prosecuting a case before the United States Court of Federal Claims, *Sacramento Grazing Association, Inc. v. United States*, Case No. 786C. The amended complaint alleges that defendant Paragon Foundation Inc. is a foundation set up to provide for the "education, research and exchange of ideas in an effort to promote and support Constitutional principles, individual freedoms, private property rights and the continuation of rural customs and culture." First Amended Complaint ¶ 5. Sacramento Grazing Association, Inc. ("SGA") is located in New Mexico, and had a Term Grazing Permit issued by the United States Department of Agriculture; the permit was

modified in 2003, and that modification was the subject of the Federal Claims lawsuit. *Id*. ¶¶ 1, 6.

The amended complaint alleges that defendant funds litigation against the federal government on actions involving cattle grazing rights and alleged takings by the federal government, and that defendant agreed to fund the *Sacramento Grazing Association* litigation. *Id*. ¶¶ 5-10. "Paragon, through their representative, Mr. Oliver, on behalf of the foundation agreed to be solely responsible for funding the proposed litigation. It was agreed and understood by Paragon and SGA that the SGA would be the client of McQuaid, but that Paragon would be solely responsible for payment to McQuaid for such litigation against the Federal Government." *Id*. ¶ 7. The amended complaint alleges that plaintiff sent a fee agreement to SGA, that SGA presented defendant with a copy of that agreement, and that defendant, through Mr. Oliver, crossed off "SGA," wrote "Paragon" in its place, and signed the fee agreement. *Id*. ¶ 9. Plaintiff has attached a copy of that agreement as Exhibit A to the amended complaint.

The amended complaint alleges that plaintiff sent copies of all legal bills to both SGA and defendant, that SGA paid none of the bills, and that at various times and in various amounts defendant paid some of the bills in the aggregate sum of $199,600.00. *Id*. ¶ 10. The amended complaint alleges four causes of action (book account; account stated; work, labor and services provided; and breach of contract) seeking the unpaid balance of the legal bills, $120,369.30, plus interest.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See*

*United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F. 3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.   SGA as necessary party under Rule 19

Defendant first contends that SGA is a necessary party, and that plaintiff must join SGA or this case must be dismissed. Federal Rule of Civil Procedure 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the persons's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Proc. 19(a). The determination of whether a non-party should be joined pursuant to Rule 19(a) rests within the discretion of the Court based on a consideration of the facts of the case and the policies underlying the rule. *See Bakia v. County of Los Angeles*, 687 F.2d 299, 301 (9th Cir. 1982). The Ninth Circuit has instructed courts to consider the following when deciding whether a non-party should be joined,

> Underlying policies include plaintiff's right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party. The determination is heavily influenced by the facts and circumstances of each case. It is a misapplication of Rule 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely.

*Id.*

Defendant argues that SGA is a necessary party because SGA is named as a party to the contract that provides the basis for plaintiff's lawsuit. Defendant argues that as a result, SGA has a direct interest in how the contract is interpreted. Defendant also asserts that the amended complaint does not state

3

whether plaintiff contends that the "agreement by which Paragon assumed responsibility for the debt of SGA obligated Paragon directly, or only in the event of a default by SGA." Motion at 9 n.1. Defendant does not cite any case law in support of its position that SGA is a necessary party.

The Court finds that SGA is not a necessary party because this case can provide complete relief to plaintiff. The amended complaint alleges that plaintiff, SGA and defendant agreed that defendant would be solely responsible for the legal bills, and that SGA would not pay any fees or costs. FAC ¶ 7. If defendant contends that SGA is liable for any of plaintiff's claims, defendant can implead SGA or seek indemnification from SGA in a separate action. *See In re County of Orange*, 262 F.3d 1014, 1022 (9th Cir. 2001) (third party districts were not necessary under Rule 19 because defendant County of Orange could seek reimbursement from districts in separate action); *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (joinder of third party not necessary when third party did not claim an interest in litigation).

## II. Sufficiency of allegations

Defendant also contends that the amended complaint does not sufficiently allege "the basis on which plaintiff contends Paragon took on any additional liability for SGA's debt," and that plaintiff should amend the complaint to provide "greater certainty" regarding the particular relationship between plaintiff and defendant. Defendant also asserts that generally contracts "to answer for the debt of another" must be in writing under the Statute of Frauds.

The Court finds that defendant's contentions lack merit, and that the complaint sufficiently alleges the nature of the contractual relationship between the parties and the basis for defendant's liability. Defendant's reliance on *Cruz v. United States*, 219 F. Supp. 2d 1027, 1038 (N.D. Cal. 2002), is inapposite, as plaintiff does not allege that defendant was the agent of SGA. To the extent that defendant disputes the allegations of the complaint, or wishes to raise affirmative defenses such as one based on the statute of frauds, defendant may do so in its answer.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant's motion to dismiss the amended

4

complaint. (Docket No. 19). Defendant shall file an answer by **April 18, 2008**.

**IT IS SO ORDERED.**

Dated: April 4, 2007

SUSAN ILLSTON
United States District Judge